UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLARE U. ANAGONYE,

          Plaintiff,

v.

MASS MUTUAL INSURANCE CO.,

          Defendant.

_____/

No. 18-11170

District Judge Laurie J. Michelson

Magistrate Judge R. Steven Whalen

## REPORT AND RECOMMENDATION

Before the Court is Defendant Massachusetts Mutual Life Insurance Company's (Defendant's")[1] June 14, 2018 Motion to Dismiss in Lieu of Answer under to Fed. R. Civ. P. 12(b)(6) [Docket #13], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B). For the reasons set forth below, I recommend (1) that the motion to dismiss be DENIED WITHOUT PREJUDICE, (2) that the Plaintiff's claims be submitted to arbitration pursuant to ¶ 37 of the governing contract between the parties, and (3) that the case be STAYED PENDING ARBITRATION.

### I.  FACTS

On April 12, 2018, Plaintiff Clare U. Anagonye, a financial advisor, filed the

---

[1]Defendant points out that its actual name is Massachusetts Mutual Life Insurance Company.

-1-

instant action pursuant to 42 U.S.C. §2000e *et seq*. ("Title VII") alleging racial, color, and gender discrimination and retaliation by Defendant for the period between March, 2016, and her "constructive discharge" on December 21, 2017. *Complaint,* pg. 14. Prior to filing suit, Plaintiff filed charges with the Equal Employment Opportunity Commission ("EEOC") and was provided with a "right to sue" letter on January 19, 2018. *Id.* at 11.

Appended to Defendant's motion as Exhibit A is a Career Agent Non-financed Contract between the parties. Paragraph 37 of the contract provides that all disputes between the parties, including "claims for violation of any federal, state, or other governmental law, statute (including anti-discriminations statutes), regulation, or ordinance" be resolved by arbitration.

## II. DISCUSSION

By filing a complaint, the Plaintiff appeared to be undertaking an act inconsistent with a desire to submit to arbitration. When the Defendant filed a motion to dismiss, rather than a motion to compel arbitration, the Court considered whether both parties were waiving the arbitration clause in the contract. However, the Plaintiff filed a sur-reply [Doc. #17] in which she requested "private FINRA arbitration" as an alternative to trial in this Court.

At oral argument on October 4, 2018, the parties clarified that based on ¶ 37 of the contract, arbitration was the proper forum for this dispute, and that the arbitration provision was not being waived. When the Court determines that a cause of action is

covered by an arbitration clause (and where arbitration has not been waived by both parties) Section 3 of the Federal Arbitration Act provides that the court may "stay the trial of the action until such arbitration has been had." 9 U.S.C. § 3; *see also Fazio v. Lehman Bros., Inc.*, 340 F.3d 386, 392 (6th Cir.2003).

While Plaintiff has requested arbitration be conducted pursuant to the Financial Industry Regulatory Authority, Inc. ("FINRA"), ¶ 37 of the agreement states that FINRA arbitration is applicable only when the agent is registered with MML Investors Services, LLC ("MMLIS") and the dispute is between the agent and MMLIS.  Otherwise, "arbitration will be held under the auspices and rules of the American Arbitration Association ('AAA')."  The Plaintiff has not raised any claims against MMLIS.

### III.   CONCLUSION

I recommend (1) that the motion to dismiss [Doc. #13] be DENIED WITHOUT PREJUDICE,  (2) that the Plaintiff's claims be submitted to arbitration under the AAA, pursuant to ¶ 37 of the governing contract between the parties, and (3) that the case be STAYED PENDING ARBITRATION.

Any objections to this  Report and Recommendation must be filed  within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir.  1991); *United States v. Walters,* 638

F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen<br>
R. STEVEN WHALEN<br>
UNITED STATES MAGISTRATE JUDGE

Dated: October 12, 2018

### CERTIFICATE OF SERVICE

I hereby certify on October 12, 2018, I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to non-registered ECF participants on October 12, 2018.

s/Carolyn Ciesla<br>
Case Manager to<br>
Magistrate Judge R. Steven Whalen