UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLARE U. ANAGONYE,

          No. 18-11170

    Plaintiff,          District Judge Laurie J. Michelson

v.          Magistrate Judge R. Steven Whalen

MASS MUTUAL INSURANCE CO.,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

On April 12, 2018, Plaintiff Clare U. Anagonye, a financial advisor, filed a *pro se* complaint under 42 U.S.C. §2000e *et seq*. ("Title VII") alleging racial, color, and gender discrimination and retaliation by Defendant for the period between March, 2016, and her "constructive discharge" on December 21, 2017. On November 9, 2018, the Court stayed the case pending arbitration [ECF No. 21]. Before the Court at this time are Defendant's motion to confirm arbitration award [ECF No. 27] and Plaintiff's motion to vacate arbitration award [ECF No. 29]. The motions have been referred for Report and Recommendation under 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that Defendant's motion [ECF No. 27] be GRANTED and that Plaintiff's motion [ECF No. 29] be DENIED.

## I. FACTS

On November 9, 2018, the Court, adopting my previous Report and Recommendation[1], stayed proceedings and directed that the Plaintiff's claims be submitted to arbitration [ECF No. 21]. On September 3, 2020 an Arbitrator Panel of the American Arbitration Association rendered an award in Defendant's favor. The Panel's decision is appended to Defendant's brief as Exhibit A [ECF No. 27-1, PageID.193-196]. Ruling on Defendant's motion to dismiss, the panel found that Plaintiff's demand for arbitration was time-barred, and therefore it lacked jurisdiction. *Id*., PageID.195.

The panel recounted the following historical facts. Following her termination, Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") on or about December 28, 2017, alleging Defendant's violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq*. The EEOC dismissed the charge on January 19, 2018, advising Plaintiff of the 90-day limitations period for fiing a civil action. Although her contract with Defendant contained a mandatory arbitration clause, Plaintiff instead filed her complaint in this Court on April 8, 2018. Then, on November 7, 2018, the Court stayed the case pending arbitration. The Plaintiff filed her Demand for Arbitration on August 27, 2019.

The panel noted that the arbitration clause in Plaintiff's contract required her to

---

[1] I recommended "that the Plaintiff's claims be submitted to arbitration under the AAA, pursuant to ¶ 37 of the governing contract between the parties." ECF No. 20, PageID.158.

bring her claims via a demand for arbitration, not a civil lawsuit, and found that because she did not formally request arbitration until August 27, 2019, her demand for arbitration fell far outside the 90-day limitations period for Title VII claims, pursuant to 42 U.S.C. § 2000e(f). Granting the Defendant's motion to dismiss, the panel stated:

> "One of the reasons asserted by the Respondent that this Panel should dismiss this Arbitration is that the statutory 90-day period of limitations noted above was not complied with by the Claimant.  If the 90 days runs from the January 19, 2018 E.E.O.C. dismissal forward, with no consideration of the Claimant[']s court filing, that period ran out on April 22, 2018.  Obviously, this Arbitration was not filed until on or about August 27, 2019, far beyond the running of the 90-day period of limitations.  While the Panel has not been presented with any authorities to the effect that a wrongful court filing may toll this statutory period of limitations, even if the Claimant were given the benefit of the doubt o tat issue and the Panel treated the 90-day limitations period as extended o exclude the days between her filing of the court case and the Court staying that case pending arbitration, the Claimant's filing with the AAA of this Arbitration on or about August 27, 2019 is still far outside the period of limitations." ECF No. 27-1, PageID.195.

## II.  STANDARD OF REVIEW

Under the Federal Arbitration Act ("FAA"),  9 U.S.C. § 9, a party to an arbitration proceeding may, within one year of an arbitration award, apply to the United States district court in which the award was made for an order confirming the award. And, under 9 U.S.C. § 10, the Court may, upon application of a party to the arbitration, vacate an arbitration award on four specified grounds:

> (a) In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration--

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

There is a presumption that arbitration awards will be confirmed, and the Sixth Circuit has held that "courts should play only a limited role in reviewing the decisions of arbitrators." *Dawahare v. Spencer*, 210 F.3d 666, 669 (6th Cir.2000) (quotations omitted). "When courts are called on to review an arbitrator's decision, the review is very narrow; one of the narrowest standards of judicial review in all of American jurisprudence." *Nationwide Mut. Ins. Co. v. Home Ins. Co. ("Nationwide IV")*, 429 F.3d 640, 643 (6th Cir.2005) (quotations omitted). A "federal court may vacate an arbitration award only in very limited circumstances," *id*., those being the four grounds set forth in § 10 of the AAA. *Dawahare*, 210 F.3d at 669 (citing 9 U.S.C. § 10(a)).

### III.   DISCUSSION

Plaintiff has failed to establish any of the statutory grounds for setting aside the arbitration decision in this case. First, she argues throughout her motion that the arbitration panel or the AAA lacked "venue," contending that this Court, not the

-4-

N/A
N/A

arbitration panel, was the appropriate forum for her Title VII claim. But this Court has already found that Plaintiff's employment contract with the Defendant contained an enforceable arbitration clause, and stayed this case so that Plaintiff could pursue arbitration. The doctrine of law of the case precludes re-visiting that issue. Moreover, at oral argument on the Defendant's motion to dismiss, Plaintiff conceded that based on ¶ 37 of the contract, arbitration was the proper forum for this dispute, and that the arbitration provision was not being waived.[2] Finally, Plaintiff failed to object to my Report and Recommendation [ECF No. 20], in which I recommended "that the Plaintiff's claims be submitted to arbitration under the AAA, pursuant to ¶ 37 of the governing contract between the parties." [ECF No. 20, PageID.158]. She has therefore waived further review of the primacy of the arbitration clause. *See Thomas v. Arn*, 474 U.S. 140, 144 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

Plaintiff makes an allegation of "corruption" with no support. She complains that her claims were dismissed without a full hearing being held, and without being given the opportunity to select the arbitrators. The latter allegation if flatly contradicted by Exhibit A to Defendant's response [ECF No. 30-1, PageID.285-286] (AAA correspondence to Plaintiff providing her the opportunity to agree to, strike, or select from a list of arbitors in order of preference). Moreover, Defendant properly filed a dispositive motion in lieu of

---

[2] Plaintiff filed a sur-reply to the Defendant's motion requesting "to proceed with jury trial or private FINRA arbitration." ECF No. 17, PageID.150.

an answer, and Plaintiff submitted a response. Because the panel found the Plaintiff's request for arbitration was time-barred, and therefore it lacked jurisdiction, there was no hearing on the merits. The panel's decision regarding the limitations period does not show corruption; it merely shows a result that Plaintiff does not like.

A party seeking to vacate an arbitration award based on corruption, impartiality, or other misconduct set forth in § 10 of the FAA must provide the Court with specific facts. *See Apperson v. Fleet Carrier Corp.*, 879 F.2d 1334, 1359-61 (6th Cir. 1989). By contrast, Plaintiff's request to vacate the award is based on conclusory statements and speculation, and under this Court's narrow scope of review, *Nationwide Mut. Ins. Co.,* the award in should be confirmed.

Finally, to the extent that Plaintiff's motion can be construed to challenge the panel's conclusion that her request for arbitration was time-barred, the Sixth Circuit has held that "the FAA does not provide for judicial review of an arbitrator's legal conclusions." *PolyOne Corp. v. Westlake Vinyls, Inc*., 937 F.3d 692, 697 (6th Cir. 2019). *See also Samaan v. Gen. Dynamics Land Sys., Inc*., 835 F.3d 593, 605 (6th Cir. 2016) ("[A] legal error committed by an arbitrator is insufficient for vacatur under the FAA"), quoting *Solvay Pharm., Inc. v. Duramed Pharm., Inc*., 442 F.3d 471, 476 (6th Cir. 2006) ("Courts must refrain from reversing an arbitrator simply because the court disagrees with the result or believes the arbitrator made a serious legal or factual error.").

### IV. CONCLUSION

I recommend that Defendant's motion to confirm arbitration award [ECF No. 27] be GRANTED and that Plaintiff's motion to vacate arbitration award [ECF No. 29] be DENIED.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                          s/ R. Steven Whalen
                          R. STEVEN WHALEN
                          UNITED STATES MAGISTRATE JUDGE

Dated: April 9, 2021

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on April 9, 2021, electronically and/or by U.S. mail.

                          s/Carolyn M. Ciesla
                          Case Manager to the
                          Honorable R. Steven Whalen

_____     R.
STEVEN WHALEN

UNITED STATES MAGISTRATE JUDGE

Date: September 17, 2020