UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CLARE U. ANAGONYE,<br><br>    Plaintiff,<br><br>v.<br><br>MASS MUTUAL INSURANCE CO.,<br><br>    Defendant. | Case No. 18-11170<br>Honorable Laurie J. Michelson<br>Magistrate Judge R. Steven Whalen |

**ORDER ADOPTING REPORT AND RECOMMENDATION [35],
GRANTING MASS MUTUAL'S MOTION TO CONFIRM ARBITRATION
AWARD [27] AND DENYING ANAGONYE'S MOTION TO VACATE
ARBITRATION AWARD [29]**

Plaintiff Clare U. Anagonye, a financial advisor, filed this action pro se on April 12, 2018, asserting claims under 42 U.S.C. §2000e et seq. ("Title VII") for race and gender discrimination and retaliation by Defendant Mass Mutual Insurance Co. from March 2016 until an alleged constructive discharge on December 21, 2017. (ECF No. 1.) This Court stayed the case pending arbitration of the claim in accordance with the arbitration clause in her employment contract. (ECF No. 21.) The arbitration panel ruled that Anagonye's arbitration demand was filed "far beyond" the statutory 90-day limitations period and granted Mass Mutual's motion to dismiss. (ECF No. 27-1, PageID.195.) The parties now return to this Court. Mass Mutual has moved to confirm the arbitration award (ECF No. 27) and Anagonye has moved to vacate it (ECF No. 29). Magistrate Judge R. Steven Whalen has issued a report and recommendation to confirm the arbitration award. (ECF No. 35.) Anagonye filed timely objections. (ECF No. 37.) For the reasons given below, the Court overrules those objections and adopts the report and recommendation.

When a party objects to a magistrate judge's report and recommendation, a district judge reviews the issues raised by the objections de novo; there is no obligation to review un-objected to issues. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012). "The district court need not provide de novo review where the objections are frivolous, conclusory or general. The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (cleaned up). Objections should be "specific in order to focus the busy district court's attention on only those issues that were dispositive and contentious." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Anagonye's motion to vacate the arbitration award, which the Court construes as an objection to the report and recommendation, re-argues her prior submissions in her motion to vacate the arbitration award—namely, that enforcing the arbitration award violates Anagonye's right to a trial under the Seventh Amendment of the Michigan and United States Constitutions. (*See* ECF No. 29, PageID.221; ECF No. 37, PageID.600.) But Anagonye's argument misunderstands the nature of the right to a jury trial. "The Seventh Amendment confers not the right to a jury trial per se, but rather only the right to have a jury hear the case once it is determined that the litigation should proceed before a court." *Cooper v. MRM Inv. Co.*, 367 F.3d 493, 506 (6th Cir. 2004) (citations and internal quotations omitted). As a result, "[i]f the claims are properly before an arbitral forum pursuant to an arbitration agreement, the jury trial right vanishes." *Id.* "[T]he loss of the right to a jury trial is a necessary and fairly obvious consequence of an agreement to arbitrate." *Id.* Anagonye's objection therefore presents no grounds to dispute the Magistrate Judge's conclusion that the arbitration award should be enforced.

Anagonye has not raised any objections that are not frivolous, conclusory or general. The Court has reviewed the briefing and agrees with Judge Whalen's thorough, well-reasoned R&R.

Accordingly, the Court OVERRULES Anagonye's objections and ADOPTS the Magistrate Judge's report and recommendation (ECF No. 35).

The Court GRANTS Mass Mutual's motion to confirm the arbitration award (ECF No. 27) and DENIES Anagonye's motion to vacate the arbitration award (ECF No. 29).

SO ORDERED.

Dated: May 21, 2021

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE